UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, INC. | CIVIL ACTION |
| VERSUS | |
| CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, THROUGH THE CITY OF BATON ROUGE DIVISION OF HUMAN DEVELOPMENT AND SERVICES | NO.: 17-00229-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion for Preliminary Injunction (Doc. 17)** filed by AIDS Healthcare Foundation, Inc. ("Plaintiff"). In its motion, Plaintiff requests that the Court enjoin the City of Baton Rouge/Parish of East Baton Rouge, through the City of Baton Rouge Division of Human Development and Services ("Defendant") from "communicating with [Plaintiff's] patients regarding any alleged change to a patient's service provider, transitioning services to other providers, or any matter related to [Plaintiff], patient services, or this litigation." (Doc. 17). Defendant filed a memorandum in opposition, (Doc. 20), Plaintiff filed a reply memorandum, (Doc. 26), and Defendant filed a sur-reply, (Doc. 28). The Court held an evidentiary hearing on the motion on June 27, 2017. (*See* Doc. 21). For the reasons that follow, Plaintiff's motion is **DENIED**.

I. BACKGROUND

Plaintiff is a non-profit organization that provides medical care to HIV/AIDS patients throughout the United States. (Doc. 10 at pp. 2-3). On April 10, 2017,

1

Plaintiff filed the instant action, alleging, *inter alia*, that Defendant wrongfully failed to renew Plaintiff's federally funded Ryan White Program contract, pursuant to which Plaintiff provided medical services to uninsured and underinsured HIV/AIDS patients in the Baton Rouge area. (Docs. 1, 10). According to information gleaned from the record, Defendant declined to renew its contract under the Ryan White Program, which expired on February 28, 2017, because Plaintiff did not provide documentation regarding the 340B Program for discount drugs as requested by Defendant. (Doc. 10 at p. 12). Plaintiff claims that it was not statutorily required to provide said documentation to Defendant, and therefore Defendant should not have based its decision to deny renewal of the contract on Plaintiff's failure provide the requested documents.

Plaintiff thus requests, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, a declaration that: 1) Defendant lacks the authority under federal law to decertify Plaintiff as a covered entity under the 340B Program; 2) Defendant lacks the authority under federal law to demand documentation from Plaintiff regarding the 340B program; 3) Defendant's non-renewal of the contract was arbitrary, capricious, and in violation of federal regulations; 4) Defendant breached its contract with Plaintiff; and 5) Defendant violated the Louisiana Public Bid Law. (Doc. 10 at p. 23). Plaintiff also seeks money damages and a permanent injunction: 1) enjoining Defendant from decertifying Plaintiff as a covered entity under the 340B Program; 2) enjoining Defendant from requiring that Plaintiff provide it with 340B

documentation; and 3) ordering Defendant to renew Plaintiff's contract for the 2017-2018 grant year. (Doc. 10 at p. 24).

On June 14, 2017, Plaintiff filed the instant motion requesting a preliminary injunction enjoining Defendant from communicating with Plaintiff's patients "regarding any alleged change to a patient's service provider, transitioning services to other providers, or any matter related to AHF, patient services, or this litigation." (Doc. 17 at p. 1). The motion derives from a letter sent by Defendant to several of Plaintiff's uninsured or underinsured patients who had previously received medical care covered by the Ryan White Program contract between the parties. In the letter, Defendant notified Plaintiff's patients that "[t]he City of Baton Rouge...ended its contract with AFH in Baton Rouge," that they could receive services at other sites supported by the City's program, and encouraged individuals without health insurance to transition to a funded clinic to avoid any out-of-pocket expenses. (Doc. 17-2 at p. 1). Plaintiff claims that Defendant's communications with its patients caused "immediate and irreparable harm" to Plaintiff and its patients, causing distress to patients and Plaintiff's employees. (Doc. 17-1 at p. 4).

## II. DISCUSSION

### A. STANDARD OF REVIEW

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy

3

and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mktg. Grp., Inc.*, 878 F.2d at 809.

To receive relief in the form of a preliminary injunction, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). At all times, the burden of persuasion remains on a plaintiff as to each of the four elements. If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

### B. ANALYSIS

After reviewing the record, the Court finds that Plaintiff has failed to demonstrate that it is entitled to the injunctive relief it requests. Specifically, Plaintiff has not established the presence of a substantial threat of irreparable injury

if the requested injunctive relief is not awarded. Plaintiff's motion and arguments on this element assert that both Plaintiff's patients and the clinic itself have suffered or will suffer irreparable injury in that (i) patients felt coerced, compelled or intimidated into changing service providers, and (ii) Plaintiff lost patients, which will result in disruption of services and serious, permanent financial damage. (Doc. 17-1 at p. 6). These claims, however, are unavailing for reasons more fully explained below.

1. Substantial Threat of Irreparable Injury to Plaintiff

In its motion, Plaintiff has claimed that the potential loss of patients in response to the May 5 letter "will cause disruption of services and will cause serious and permanent financial damage to [Plaintiff]." (Doc. 17-1 at p. 6). Because Plaintiff fails to explain what a disruption of services means or to distinguish it from the potential "serious and permanent financial damage" it will suffer should its request for a preliminary injunction be denied, the injury Plaintiff asserts it might experience is best characterized as potential financial harm. Concerning this type of alleged injury, the United States Court of Appeals for the Fifth Circuit has recognized that a preliminary injunction is an inappropriate remedy where the potential harm to the movant is strictly financial. *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174 (5th Cir. 1989). An exception exists where the potential economic loss is so great as to threaten the existence of the movant's business. *Atwood*, 875 F.2d 1174 at 1179 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975) (the threat of bankruptcy constitutes irreparable harm)); *National Screen Service Corp. v. Poster*

*Exchange, Inc.*, 305 F.2d 647 (5th Cir. 1962) (no abuse of discretion where denial of injunctive relief would result in the destruction of movant's business).

Based on testimony elicited at the evidentiary hearing, Plaintiff serves 30% of the AIDS/HIV population in Baton Rouge, or roughly 1,200 people. Of those, 295 patients are eligible to receive services under the Ryan White Program, and approximately 80 people—or around 6% of Plaintiff's patients in Baton Rouge—received the May 5 letter notifying them of the Plaintiff's status as a Ryan White Provider. Considering these numbers, the Court finds that any potential financial harm Plaintiff might suffer is not enough to threaten the existence of Plaintiff's clinic, either locally or nationally, or to otherwise hinder its ability to provide medical services to its remaining non-Ryan White patients.[1] As such, Plaintiff has failed to carry its burden of establishing that it itself will suffer irreparable injury or harm without a preliminary injunction.

2. Substantial Threat of Irreparable Injury to Plaintiff's Patients

Plaintiff bases much of its motion on the rights of its patients to choose their own medical providers without government interference. (*See* Doc. 17-1). In this regard, Plaintiff has claimed that its patients have suffered or will suffer a substantial threat of irreparable injury without relief. Specifically, Plaintiff claims that the May 5 letter caused extreme distress, panic, and confusion among its clients,

---

[1] In its Complaint, Plaintiff touts itself as the "largest non-profit provider of HIV medical care in the United States," operating forty-six (46) healthcare clinics throughout the country and serving more than 47,000 clients nationwide. (Doc. 10 at pp. 2-3). Given the size and scope of its operations, the Court finds that any potential economic loss associated with the transition of around 80 patients to other healthcare clinics would not be so substantial as to threaten the existence of Plaintiff's nationwide business. *Atwood*, 875 F.2d 1174 at 1179.

and has impaired and jeopardized the care that Plaintiff has been providing to its patients. (Doc. 17-1 at p. 6). However, Plaintiff's assertions are unavailing.

Most notably, Plaintiff does not have standing to bring claims on behalf of patients who are not joined in this lawsuit or to otherwise rely on any alleged injury they may suffer in support of its motion for a preliminary injunction. Generally, a litigant may not use the potential injury to a third party as a basis for satisfying the requirement that each party have standing to sue. However, in limited circumstances, the United States Supreme Court has recognized an exception under the "third-party standing" doctrine. The elements for third-party standing are as follows:

> [1] The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; [2] the litigant must have a close relation to the third party; and [3] there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 410–11 (1991) (citations omitted). Plaintiff first argues because federal courts routinely recognize third-party standing for physicians to assert the rights of their patients in abortion cases, the rule is equally applicable here. However, Plaintiff's assertions on this point are not persuasive. First, as Plaintiff acknowledges, courts have previously held that *physicians* in abortion cases had standing to assert the rights of patients with regard to abortion regulation. This exception has not been extended to the clinics themselves, and no individual physicians are listed as plaintiffs in this litigation.

Further, Plaintiff has failed to demonstrate that the elements for third-party standing are otherwise satisfied. That is, assuming Plaintiff's ability to demonstrate that it has suffered a sufficiently concrete injury giving rise to standing to sue on its own behalf, Plaintiff has not demonstrated that it has a sufficiently "close relation" with its patients to bring claims on their behalves. To the extent Plaintiff relies on the relationship between its patients and Dr. Azmeh, who testified at the hearing about his close relationship with the affected patients, Dr. Azmeh is not a party to this litigation and therefore himself lacks the procedural capacity to assert claims on behalf of Plaintiff's patients.

Finally, although the Court recognizes the sensitivity of the identities and medical information of Plaintiff's patients, there is no indication that they are unable or unwilling to bring claims on their own behalves. In fact, one of Plaintiff's patients voluntarily testified at the evidentiary hearing, even after being advised that she need not do so. Accordingly, Plaintiff has failed to demonstrate that it has standing to rely on alleged injuries sustained by its patients to maintain any claim on their behalves.

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the **Motion for Preliminary Injunction (Doc. 17)** filed by AIDS Healthcare Foundation, Inc. is **DENIED**.

Baton Rouge, Louisiana, this 7th day of July, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA