UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AIDS HEALTHCARE FOUNDATION, INC.** | **CIVIL ACTION** |
| **VERSUS** | |
| **CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, THROUGH THE CITY OF BATON ROUGE DIVISION OF HUMAN DEVELOPMENT AND SERVICES** | **NO. 17-229-BAJ-RLB** |

### ORDER

Before the Court is Defendant's Motion to Stay Proceedings (R. Doc. 15) filed on June 8, 2017. The motion is opposed. (R. Doc. 23).

**I.     Background**

On April 10, 2017, AIDS Healthcare Foundation, Inc. ("Plaintiff") commenced this action by filing a Complaint for Declaratory and Injunctive Relief, naming as defendant the City of Baton Rouge/Parish of East Baton Rouge, through the City of Baton Rouge Division of Human Development and Services ("Defendant"). (R. Doc. 1). Plaintiff filed an Amended Complaint on May 2, 2017. (R. Doc. 10).

Plaintiff asserts that Defendant violated federal law by refusing to renew a Contract with Plaintiff that was funded through the Ryan White Comprehensive AIDS Resources Act, 42 U.S.C. § 300ff, *et seq.,* in light of Plaintiff's refusal to provide Defendant with documentation regarding a separate federal drug discounting program, Section 340B of the Public Health Services Act, 42 U.S.C. § 256b. Plaintiff asserts the following claims: (1) Defendant lacks the authority under 42 U.S.C. § 256b to decertify Plaintiff as a covered entity under the 340B Program; (2) Defendant lacks the authority under 42 U.S.C. § 256b to demand documentation

from Plaintiff regarding the 340B Program; (3) Defendant's non-renewel of the contract was arbitrary, capricious, and in violation of 45 C.F.R. § 75.328(a); (4) Defendant breached its Request for Proposal ("RFP") and the Contract; and (5) Defendant violated the Louisiana Public Bid Law, La. R.S. 38:2211(a)(10). (R. Doc. 10 at 14-20). Plaintiff seeks declaratory relief, injunctive relief, and damages. (R. Doc. 10 at 20-24).

On May 22, 2017, Defendant filed a Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 11). Defendant asserts that Counts 1-3 must be dismissed pursuant to Rule 12(b)(6) because Plaintiff does not have a private right of action for those federal claims. (R. Doc. 11-1 at 3-6). Defendant further asserts that because Plaintiff's request for relief under federal law are without merit, the Court must dismiss the remaining state court claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (R. Doc. 11-1 at 6-7).

On June 8, 2017, Defendant filed the instant Motion to Stay Proceedings. (R. Doc. 15).

On June 29, 2017, Plaintiff filed its Opposition to the instant Motion. (R. Doc. 23).

On July 3, 2017, after obtaining an extension to file a response to the motion to dismiss (R. Docs. 13, 14), Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (R. Doc. 29). Plaintiff concedes that it does not have a right of action to proceed under 42 U.S.C. § 256b, but argues that it has a private right of action under the federal procurement regulations. (R. Doc. 29 at 2-4). Plaintiff further argues that with regard to the "remaining state law claims," the Court can exercise diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 and/or federal question jurisdiction pursuant to 28 U.S.C. § 1331 in light of the Supreme Court's decision *Grable & Sons Metal Products, Inc. v. Darue Eng'rg and Mfrg.*, 545 U.S. 308 (2005). (R. Doc. 29 at 5-7).

**II.    Law and Analysis**

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).  "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

In support of its motion to stay the proceedings, Defendant asserts that in light of its arguments raised in support of dismissal, "[t]he parties in this matter should not proceed in this case to develop the relevant facts and issues without a decision on whether this Court has the authority to adjudicate the claim." (R. Doc. 15-1 at 3).  Defendant further asserts that "[d]efending the declaratory relief sought by the plaintiff will require a substantial amount of legal analysis and investigation of complex federal laws" and "Defendant should be protected from such burden and expense until a final decision is rendered" on its motion to dismiss. (R. Doc. 15-1 at 3).

Defendant has not provided any particular and specific facts demonstrating that discovery in this action while its motion to dismiss is pending would result in annoyance, embarrassment, oppression, or undue burden or expense.  Defendants' arguments regarding the need to stay

3

discovery in his action are the type of stereotyped and conclusory statements that do not merit the issuance of a protective order staying discovery, particularly when the pending motion is only directed at part of the claims. While its motion to dismiss raises relatively complex issues of federal law, it is unclear how propounding and responding to discovery would require much further complex legal analysis.

Having considered the record as a whole, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the current practice in this district, the Court concludes that Defendant has not met its burden of establishing that a stay of discovery in this action is merited pending the resolution of its motion to dismiss.

### III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (R. Doc. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that a scheduling conference is hereby set before United States Magistrate Judge Richard L. Bourgeois, Jr. for **September 7, 2017 at 3:30 p.m.** The parties shall file an Amended Status Report no later than **August 24, 2017**.

**IT IS FURTHER ORDERED** that based on the status of the case, discovery shall not commence until the issuance of a Scheduling Order or otherwise as ordered by the Court.

Signed in Baton Rouge, Louisiana, on July 21, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE