UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AIDS HEALTHCARE FOUNDATION, INC

CIVIL ACTION

VERSUS

NO.   3:17-CV-00229-BAJ-RLB

CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE, THROUGH THE CITY OF
BATON ROUGE DIVISION OF HUMAN
DEVELOPMENT AND SERVICES
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AGAINST IMPROPER DEPOSITION NOTICES

**MAY IT PLEASE THE COURT:**

The defendant, City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), through undersigned counsel, respectfully submits this memorandum in support of its Motion for Protective Order against Aids Healthcare Foundation, Inc.'s ("AHF") seven (7) improper notices of depositions.

**A. FACTUAL BACKGROUND**

This matter arises from the City/Parish's decision not to renew AHF's contract as a subrecipient of federal grant monies under the Ryan White CARE Act for localities disproportionately affected by HIV/Aids. Federal law and AHF's contract with the City/Parish require that AHF submit to 340B Program audits. 340B audits are designed to prevent covered entities, like AHF, from receiving duplicate discounts and/or diverting 340B drugs to ineligible patients. When AHF flatly refused to cooperate with a 340B Program audit by the City/Parish, the City/Parish declined to renew AHF's contract. AHF then filed the instant suit on April 10, 2017. The discovery deadline is June 29, 2018.

On June 20, 2018, Aids Healthcare Foundation, Inc. ("AHF") sent seven (7) purported deposition notices to the City/Parish via email. (Exhibits A - G) In the Fed. R. Civ. P. 37.1 conference held to discuss the deposition notices, Defendant informed Plaintiff that none of the proposed deponents were available before June 29, 2018[1]. Also, on June 22, 2018, Defendant served Plaintiff with formal objections to the deposition notices. Despite knowing that the proposed deponents were unavailable, counsel for AHF then sent three deposition notices purporting to schedule three depositions for June 29, 2018.

## B. DISCUSSION

### a. Reasonable Notice and Location of Depositions

Under Federal Rule of Civil Procedure 30(b)(1), parties must give "reasonable notice" of a deposition. Non-parties are also entitled to "reasonable time" to comply with subpoenas under Rule 45(d)(3)(A)(1) of the Federal Rules of Civil Procedure. After over a year of pendency, Plaintiff delayed until nine days before the close of discovery to improperly notice the subject depositions, without providing dates or places for when the depositions would occur. The discovery deadline in this matter has already been extended, by the City/Parish at Plaintiff's counsel's request. (Exhibits H, J, and K) Plaintiff's counsel drafted the Motion to Extend the Discovery Deadline that was filed on May 23, 2018. (Exhibits J and K) That same day, Plaintiff's counsel stated in his email that he would get back with counsel for the City/Parish shortly on which depositions he would like to take. But AHF did not attempt to notice further depositions until a month later, nine days before the expiry of the discovery deadline. (Exhibit I) Prior to sending the improper deposition notices,

---

[1] In a good faith effort to comply with the request, defendant contacted the seven deponents, and six of the seven responded to inform defendant that they had no availability prior to June 29, 2018. With regard to one of the proposed deponents, an automated "out of office" reply was received. Additionally, undersigned counsel has limited availability between now and June 29, 2018, due to various demands on her time as a result of her remaining caseload.

Plaintiff steadfastly refused the City/Parish's repeated request to extend the discovery deadline in order to allow the City/Parish adequate time to redact over 100,000 pieces of electronically stored information (ESI). (Exhibit L) AHF insisted that the City/Parish hand redact in excess of 100,000 pieces of ESI by the June 29, 2018 deadline. Now that Defendant has been sufficiently burdened by this unreasonable demand, Plaintiff seeks an extension for itself to take needless depositions. All of the names of the proposed deponents were known to Plaintiff well in advance of the improper and unreasonable June 20, 2018 notices, and there was no need for Plaintiff to wait until the 11th hour to send these notices. Finally, as Defendant has informed Plaintiff, none of the proposed deponents are available before the expiry of the June 29, 2018 discovery deadline and seven days notice is not reasonable notice.

### b. Seeking Depositions of Individuals Already Deposed in the Case

Plaintiff's notice of the deposition of Shamell Lavigne is in violation of Rule 30(2)(A)(ii) of the Federal Rules of Civil Procedure because it seeks to depose a deponent who has already been deposed in this case. (Exhibit F)

### c. Notices Fail to Provide a Time and Place as required by Rule 30(b)(1)

All of the subject notices of deposition are improper and insufficient in that they fail to state a time and place for the depositions as required by Rule 30(b)(1) of the Federal Rule of Civil Procedure, which states that such notices "must state the time and place of the deposition."

### d. Violation of Local Rule 26(d)(2)

Rule 26(d)(2) of the Local Rules of the United States District Court of the Middle District of Louisiana states, in pertinent part, "Discovery depositions must be completed before the discovery deadline. Notices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced." As Defendant has informed Plaintiff, none of the

individuals named in the improper deposition notices are available before the discovery deadline of June 29, 2018. Thus, these notices necessarily purport to schedule depositions after the discovery deadlines and, per the Local Rules of this Honorable Court, "will not be enforced."

### e. Scope of Discovery Via 7 Depositions Outside Rule 26(b)(1) Guidelines

Federal Rule of Civil Procedure 26(b)(1) provides three factors to limit the scope of discovery: relevance, proportion, and burden or expense.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As outlined more fully in Defendant's Motion for Summary Judgment, the material facts of this case are undisputed, leaving only legal determinations. As such, these seven depositions sought at the 11th hour are not seeking relevant evidence, but are more likely intended to harass and increase the cost and burden of the defense of this matter. Furthermore, the seven depositions sought are disproportionate to: the needs of the case, the issues presented, and the amount in controversy, which this Honorable Court has already determined to be valued between $132,752 and $363,756. (Record Document 49)

**E.   CONCLUSION**

Protective orders under Fed. R. Civ. P. 26(c) serve a vital function of securing the just, speedy, and inexpensive determination of civil disputes. The City/Parish seeks a just, speedy, and inexpensive determination of this dispute, requesting reasonable limitations on the scope of discovery given the following:

(1) the lack of reasonable notice in the undated deposition notices provided nine (9) days before the discovery deadline;

(2) the unavailability of the individuals sought to be deposed within the timeframe provided

(3) the unlikelihood that the information sought is relevant to the legal issues presented, given the undisputed material facts of the case;

(4) to the extent the notices purport to schedule depositions after the discovery deadline, they will not be enforced, pursuant to Rule 26(d)(2) of the Local Rules of the United States District Court of the Middle District of Louisiana.

**By Attorneys:**
**Lea Anne Batson**
**Parish Attorney**

**/s/ Managan L. Johnson**
**Managan L. Johnson (#32200)**
**Assistant Parish Attorney**
**Deelee S. Morris (#28775)**
**Special Assistant Parish Attorney**
**Tedrick K. Knightshead (#28851)**
**First Assistant Parish Attorney**
**222 St. Louis Street, 9th Floor**
**Baton Rouge, LA 70802**
**Telephone: (225) 389-3114**
**Facsimile:  (225) 389-8736**
**Email: mljohnson@brla.gov**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**AIDS HEALTHCARE FOUNDATION, INC**

**VERSUS**

**CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, THROUGH THE CITY OF BATON ROUGE DIVISION OF HUMAN DEVELOPMENT AND SERVICES**

**CIVIL ACTION**

**NO.   3:17-CV-00229-BAJ-RLB**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CERTIFICATE**

I hereby certify that a copy of the foregoing Memorandum in Support of Motion for Protective Order, Alternatively Motion to Extend Discovery Deadline was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this **22nd** day of **June**, 2018.

                                            **/s/ Managan L. Johnson**
                                            **MANAGAN L. JOHNSON**