UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AIDS HEALTHCARE FOUNDATION, INC.       CIVIL ACTION

VERSUS

NO. 17-229-BAJ-RLB

CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE, THROUGH THE CITY OF
BATON ROUGE DIVISION OF HUMAN
DEVELOPMENT AND SERVICES

## ORDER

Before the Court is Defendant's Motion for Protective Order Against Improperly Noticed Depositions (R. Doc. 66) filed on June 22, 2018. The motion is opposed. (R. Doc. 73).

The current deadline to complete non-expert discovery in this action is June 29, 2018. (R. Doc. 60). On June 20, 2018, Plaintiff served on Defendant seven depositions notices for the Rule 30(b)(1) depositions of the following individuals: Thomas Hickey (R. Doc. 66-3); Gail Grover (R. Doc. 66-4); Mayor-President Sharon Weston Broome (R. Doc. 66-5); Joyce Biagas (R. Doc. 66-6); Dr. Tamiara Wade, Ph.D. (R. Doc. 66-7); Shamell Lavigne (R. Doc. 66-8); and Paula Merrick Roddy (R. Doc. 66-9). These deposition notices do not provide a time or place for the depositions. On June 22, 2018, Plaintiff served "revised deposition notices" for the foregoing depositions to all take place on June 29, 2018, the current deadline to complete discovery, offering to "set them for a time after the discovery cutoff that is convenient to the witnesses and all parties." (R. Doc. 71-20).[1]

---

[1] In support of its motion, Defendant only provided copies of the revised deposition notices for Paula Merrick Roddy (R. Doc. 66-15), Joyce Biagas (R. Doc. 66-16), and Thomas Hickey (R. Doc. 66-17), setting their depositions for June 29, 2018 at the Office of the Parish Attorney.

Defendant now seeks an order effectively quashing the seven deposition notices on the following bases: (1) Plaintif failed to provide reasonable notice of the depositions; (2) Plaintiff failed to obtain leave to depose Ms. Lavigne a second time; (3) the notices fail to set a time and place of the depositions; (4) the notices violate Local Rule 26(d)(2) because they purport to schedule depositions after the deposition deadline; and (5) that the depositions fall outside the scope of discovery and are intended to harass and increase costs. (R. Doc. 66-1).

In opposition, Plaintiff addresses the foregoing arguments as follows: (1) Defendant has been on notice of Plaintiff's intent to depose the foregoing individuals since at least May 10, 2018,[2] and the notice of the depositions was otherwise reasonable; (2) Ms. Lavigne was formerly deposed solely in her capacity as a Rule 30(b)(6) representative of Defendant; (3) the revised deposition notices "clearly set the depositions for June 29, 2018, starting at 9:00 a.m. and thereafter every hour at the office of EBR's counsel"; (4) the revised notices set the depositions to take place on the discovery deadline, namely June 29, 2018; (5) and Defendant has not made any specific showing why the depositions fall outside the scope of discovery or why a protective order regarding the depositions is merited. (R. Doc. 73).

On June 26, 2018, Plaintiff filed a Motion to Compel (R. Doc. 71) and Motion for Extension of Discovery Deadlines (R. Doc. 72). In the Motion to Compel, Plaintiff seeks supplemental written responses, supplemental productions of documents, and a supplemental privilege log. In the Motion for Extension, Plaintiff seeks an extension of the discovery deadline by 30 days in light of the production over 20,000 documents by Defendant on June 25, 2018. The deadline for filing responses to these motions has not expired. LR 7(f).

---

[2] The letter relied on by Plaintiff for this proposition states that after receipt of documents responsive to certain discovery requests, Plaintiff expected "to take additional depositions of one or more persons on this list," which included five of the seven deponents at issue. (R. Doc. 71-8)

Having reviewed the arguments of the parties, and the underlying deposition notices, the Court concludes that Defendant's Motion for Protective Order (R. Doc. 66) lacks merit.

First, the record indicates that Plaintiff served the original deposition notices nine days prior to the discovery deadline, and revised those deposition notices within seven days of the discovery deadline to indicate that the depositions were noticed to take place on the June 29, 2018. Plaintiff represents that the individuals to be deposed all "reside or work in East Baton Rouge Parish, which is where the depositions would be conducted." (R. Doc. 73 at 2 n.4). The Court does recognize, however, that under the facts of this case and considering the number of non-party witnesses, the time within which the depositions were noticed is not sufficient. The Court is also aware that these depositions should not have been a surprise to the defendant based on prior communications between the parties. Given the record, and as discussed more fully below, the Court will not require the depositions to proceed on June 29, 2018, effectively extending the notice period, but will not quash the depositions on this basis.[3]

Second, Plaintiff represents that Ms. Lavigne was formerly deposed solely in her capacity as a Rule 30(b)(6) representative. Courts have recognized that a party may depose a particular individual under both Rule 30(b)(1) and Rule 30(b)(6) in a single action. *See Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. 07-435, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009) (citing cases). Plaintiff may proceed with the deposition of Ms. Lavigne in her individual capacity without seeking leave of court under Rule 30(a)(2)(A)(ii).

Third, while the initial notices of the depositions failed to set a time and place of the depositions, the record indicates that Plaintiff remedied this deficiency in its revised notices of depositions by providing a time and place in compliance with Rule 30(b)(1),.

---

[3] It does not appear that Plaintiff served any Rule 45 subpoenas. Accordingly, the Court does not address Rule 45.

Fourth, given the revised notices of depositions, Plaintiff did not seek to take depositions beyond the discovery deadline in violation of the Scheduling Order or Local Rule 26(s)(2).

Finally, the record indicates that the depositions fall within the scope of discovery as provided by Rule 26(b)(1). Defendant has not made any specific showing that there is good cause for the issuance of a protective order pursuant to Rule 26(c) quashing the deposition notices on the basis of annoyance, embarrassment, oppression, or undue burden or expense. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

Given the foregoing, the Court will not issue a protective order effectively quashing the deposition notices in their entirety based on the instant motion. The Court will not, however, require the depositions to proceed on June 29, 2018. Given the record, the Court finds good cause for staying discovery until the resolution of Plaintiff's Motion for Extension of Discovery Deadlines (R. Doc. 72). After Defendant has had an opportunity to file a response to that motion, which the Court will order filed on an expedited basis pursuant to Local Rule 7(f), the Court will provide a deadline to complete the noticed depositions.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Protective Order Against Improperly Noticed Depositions (R. Doc. 66) is **DENIED**, with the exception that the noticed depositions shall not proceed on June 29, 2018, unless otherwise agreed by the parties.

**IT IS FURTHER ORDERED** that the deadline to complete non-expert discovery is **STAYED** pending resolution of Plaintiff's Motion for Extension of Discovery Deadlines (R.

Doc. 72). Defendant shall file any opposition to Plaintiff's Motion for Extension of Discovery Deadlines by **July 6, 2018**. Defendant shall file any opposition to Plaintiff's Motion to Compel (R. Doc. 71) by **July 17, 2018**.

Signed in Baton Rouge, Louisiana, on June 28, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**