UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, INC. | CIVIL ACTION |
| VERSUS | |
| | NO. 17-229-BAJ-RLB |
| CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, THROUGH THE CITY OF BATON ROUGE DIVISION OF HUMAN DEVELOPMENT AND SERVICES | |

**ORDER**

Before the Court is Defendant's Motion to Compel. (R. Doc. 79). The motion is opposed. (R. Doc. 97). Defendant has filed a Supplemental Brief and Reply. (R. Docs. 90, 103).

**I.     Background**

On April 10, 2017, AIDS Healthcare Foundation, Inc. ("Plaintiff" or "AHF") commenced this action, naming as defendant the City of Baton Rouge/Parish of East Baton Rouge, through the City of Baton Rouge Division of Human Development and Services ("Defendant" or "EBR"). (R. Doc. 1). AHF has twice amended the complaint. (R. Doc. 10; R. Doc. 47)

AHF seeks declaratory relief, injunctive relief, and damages arising from EBR's decision not to renew its federally-funded Ryan White Program Contract ("Contract") with AHF. (Doc. 10, "Am. Compl." ¶¶ 1, 4). On October 2, 2015, EBR issued a request for proposal ("RFP") (R. Doc. 10-1), which sought proposals from qualified public or non-profit entities to become a sub-recipient of EBR's Ryan White Program funds to assist in providing core services to persons living with HIV/AIDS. (Am. Compl. ¶¶ 29, 31). AHF and EBR entered into the Contract (R. Doc. 10-2) with an effective date of March 1, 2016. (Am. Compl. ¶ 41). The Contract provided for an initial term of March 1, 2016 to February 28, 2017, and the RFP provided that "[u]p to two

additional 12-month renewal awards may be made based upon the availability of funds and acceptable contract performance." (Am. Compl. ¶ 43) (quoting R. Doc. 10-1 at 9).

Under the Contract, AHF, a sub-recipient of EBR's federal funds, provided medical services to uninsured and underinsured people with HIV/AIDS in Baton Rouge, Louisiana. (Am. Compl. ¶ 1). AHF also participates in the 340B Program of the Public Health Services Act, 42 U.S.C. § 256b, which is a separate federal program that allows certain healthcare providers to buy drugs at discounted rates. (Am. Compl. ¶¶ 2, 21). In January 2017, EBR scheduled a routine Ryan White Program monitoring review of AHF's operations related to its 2016-17 Contract. (Am. Compl. ¶ 49). Pursuant to Section XXI. "Program Income" of the Contract, EBR requested production of several documents to review, including documents regarding AHF's use of the 340B Program. (Am. Compl. ¶ 50). AHF refused to comply, explaining that it did not believe EBR had the authority to collect and review AHF's 340B documentation. (Am. Compl. ¶ 51).

On April 18, 2017, EBR wrote to AHF to inform it of the non-renewal of the Contract due to its failure to submit documentation requested by Defendant concerning the 340B program. (Am. Compl. ¶ 70). EBR informed AHF that it would be transitioning AHF's patients to other agencies; however, some of AHF's patients indicated that they wished to continue to receive services from AHF. (Am. Compl. ¶ 70-71). AHF continued to provide these services, even though it had to pay for these services with its own funds, and has billed EBR for reimbursement. (Am. Compl. ¶¶ 72-73).

On March 2, 2018, AHF responded to EBR's discovery requests served on or about January 31, 2018. (R. Doc. 79-3). At issue is EBR's Request for Production No. 7, and AHF's responses, which are as follows:

> **REQUEST FOR PRODUCTION NO. 7:**
> Please produce all contracts between AHF and any grantee for Ryan White Parts A, B, C, D or F for all AHF clinics and pharmacies located in the United States of America from January 1, 2012 to the present.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
> AHF objects to Request for Production No. 7 as overly broad, unduly burdensome, and seeking information that is not relevant to the parties' claim or defenses as it seeks all contracts between AHF and any grantee for Ryan White Parts A, B, C, D or F for all AHF clinics and pharmacies throughout the country. AHF operates more than 40 clinics and more than 40 pharmacies in the United States in fifteen different states. This lawsuit relates only to the Ryan White Part A Program in Baton Rouge, Louisiana; other Ryan White programs in other localities are not at issue. Further, EBR is already in possession of the Contract with AHF.

(R. Doc. 79-3 at 14).

On June 22, 2018, the parties held a discovery conference in which they discussed the potential production by AHF "of the contracts for its approximately forty (40) clinics." (R. Doc. 79-4; *see* R. Doc. 79 at 2). That same day, AHF agreed to produce its Part A and Part B contracts in approximately two weeks. (R. Doc. 79-5). EBR responded that it needed the contracts produced by June 28, 2018, the day before the deadline to complete non-expert discovery. (R. Doc. 79-6).

EBR now seeks production of all contracts (including those regarding Parts C, D, and F) as originally sought, arguing that the contracts are relevant to the claims and defenses in this matter, and their production would not be unduly burdensome. (R. Doc. 79-1 at 3-4). In a supplemental brief, EBR indicates that AHF produced "only a few of the requested contracts" on June 29, 2018, and (it appears)[1] provided the following supplemental written response on that date:

---

[1] EBR does not submit a copy of the actual supplemental written response or otherwise identify the date on which it was provided.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

> AHF object[s] to Request for Production No. 7 as overly broad, unduly burdensome, and seeking information that is not relevant to the parties' claim or defenses as it seeks all contracts between AHF and any grantee for Ryan White Parts A, B, C, D or F for all AHF clinics and pharmacies throughout the country. AHF operates more than 40 clinics and more than 40 pharmacies in the United States in fifteen different states. This lawsuit relates only to the Ryan White Part A Program in Baton Rouge, Louisiana; other Ryan White programs in other localities are not at issue. Further, EBR is already in possession of the Contract with AHF.
>
> AHF objects to this Request because the requested time period is overly broad and unduly burdensome.
>
> AHF also objects to this Request because it seeks documents relating to Ryan White Parts C, D, and F, which are not relevant to the parties' claims or defenses in this action.
>
> Subject to and without waiving the foregoing objections, AHF is producing the Ryan White Part A and B contracts that it has located, Bates-labeled AHF 002203 - AHF 004429, and reserves the right to supplement this response.

(R. Doc. 90 at 2). EBR indicates that counsel held another discovery conference on July 3, 2018, in which they discussed the supplemental production. (R. Doc. 90 at 2). EBR further argues that AHF's responses do not indicate whether any documents have been withheld pursuant to the stated objections, that AHF has not produced contracts for various locations and dates, and that contracts sought are relevant. (R. Doc. 90 at 3-5).

In opposition, AHF argues that only current Part A contracts with other state and local government officials are relevant to the claims and defenses in this action. (R. Doc. 97 at 2). AHF admits that it has produced Part B contracts on the basis that they function similarly to Part A contracts in that they are administered by the States and otherwise support AHF's positions. (R. Doc. 97 at 2-3). AHF refuses, however, to produce Part C, D and F contracts on the basis that those contracts "function much differently than Parts A and B and are irrelevant to this dispute." (R. Doc. 97 at 3). AHF argues that because "Parts A and B are the only parts of the

Ryan White program that provide funding to local government entities, who then contract with service providers to provide services," they are unrelated to Parts C, D, and F, through which "funding is provided directly by HRSA to the service providers"[2] and "HRSA retains direct oversite over those providers." (R. Doc. 97 at 4). AHF also argues that it would be unduly burdensome for AHF to produce historical Part A and Part B contracts not maintained electronically. (R. Doc. 97 at 5-7).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

---

[2] "HRSA" is an abbreviation for United States Department of Health and Human Services, Health Resources and Services Administration. (Am Compl. ¶ 14).

5

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to a request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant as to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

There is no dispute that the RFP and Contract at issue in this action solely concern Part A Services for the Ryan White Program. (*See* R. Docs. 10-1, 10-2). Nevertheless, EBR argues that the contents of all contracts entered into by AHF under the Ryan White Program, including those for Part B, C, D, or F, are within the scope of discovery. (R. Doc. 79-1 at 3-4; R. Doc. 90 at 4). In support of this contention, EBR relies on AHF's allegations in Paragraphs 46, 51, and 64 of the Amended Complaint. In Paragraph 46, AHF alleges that its Contract with EBR "is the only Ryan White Part A contract that AHF has throughout the United States that contains requirements with respect to the separate 340B Program." (Am. Compl. ¶ 46). In Paragraph 51, AHF states that it has explained to EBR "in detail its position that HRSA has no authority to

purport to regulate the use of monies associated with the 340B Program, and thus cannot require its Ryan White Part A grantees (like EBR) to collect and review subgrantees' 340B documentation." (Am. Compl. ¶ 51). Finally, in Paragraph 64, AHF asserts that "the only issue preventing the continuation of AHF's grant was AHF's refusal to provide information on AHF's 340B Program – a program that EBR has no authority to oversee, as detailed above." (Am. Compl. ¶ 64).

Having considered the parties arguments, the Court concludes that AHF's Ryan White Part B, C, D, and F contracts do not fall within the scope of discovery in this action.

Congress passed the Ryan White Comprehensive AIDS Resources Emergency Act of 1990 (the "Ryan White Act"), Pub. L. No. 101-381, 104 Stat. 576, in order to make funding available for the development and administration of "cost efficient systems for the delivery of essential services to individuals and families with HIV disease." *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 138 (2d Cir. 2010) (quoting 42 U.S.C. § 300ff.). Part A of the Ryan White Act directs the United States Department of Health and Hum Services ("HHS") to award grants to qualified localities. 42 U.S.C. § 300ff–11. The parties agree that Part B involves funding for states and territories, Part C involves funding for local community-based organizations, Part D involving funding for women, infants, children, and youth living with HIV, and Part F involving funding for research, technical assistance and access to care programs. (R. Doc. 90 at 5; R. Doc. 97 at 3-4).

EBR argues that Parts A, B, C, D, and F are all inter-related with the 340B Program in light of a policy clarification issued by the HIV/AIDS Bureau ("HAB"), a sub-agency within HRSA that oversees the Ryan White Program. (R. Doc. 90 at 5). That policy clarification provides that recipients of funding for Parts A, B, C, D, and F are required to track and account for all program income. (R. Doc. 90-5) (HAB Policy 15-03). The Court need not determine

whether this document supports any claims or defenses in this action. The RFP and Contract at issue do not pertain to Parts B, C, D, or F, and neither of the parties' pleadings raised any claims or defenses regarding contracts under Part B, C, D, or F. For the foregoing reasons, the Court will not require AHF to produce contracts pertaining to Parts B, C, D, or F.[3]

With respect to Ryan White Part A contracts, AHF represents that it has produced "contracts and related documents that are maintained in its electronic data system." (R. Doc. 97 at 1). EBR represents that the contracts and related documents produced only pertain to the years 2017 and 2018. (R. Doc. 90 at 5). AHF notes that many of the contracts it produced have been "in effect for several years" prior to 2017. (R. Doc. 97 at 5 n.4).

AHF has specifically alleged that its Contract with EBR "is the only Ryan White Part A contract that AHF has throughout the United States that contains requirements with respect to the separate 340B Program." (Am. Compl. ¶ 46). AHF concedes that its "current" Ryan White Part A contracts with other state and local governmental entities are relevant to the claims and defenses in this litigation. (R. Doc. 97 at 2). AHF raises no convincing argument, however, in support of a finding that its expired Ryan White Part A contracts are not relevant to its claim raised in Paragraph 46 of its Amended Complaint.

AHF's arguments regarding the production of Part A contracts from 2012 through 2016 (the date of the Contract at issue) are grounded more on its objection of undue burden then relevance. (R. Doc. 97 at 5-7). AHF acknowledges that while it produced "contracts that were maintained in its electronic files, it did not search for, gather or produce historical contracts that [it] may have in off-site storage facilities – *i.e.*, those that are not currently in effect, but were in

---

[3] AHF has produced certain Part B contracts on the basis that "Part B functions similar to Part A in that it is administrated by the States" (R. Doc. 97 at 2). The Court finds no basis for ordering AHF to produce any additional Part B contracts that have not been voluntarily produced.

8

effect at some time during the requested time period (since 2012) – as the burden of doing so would have been considerable." (R. Doc. 97 at 5).

AHF submits a declaration by Charity Chandler, its Director of Contracts Administration since August 17, 2015, in support of its assertion that the production of Part A contracts not maintained in AHF's electronic files would be unduly burdensome. (R. Doc. 97-1 at 2). Among other things, Ms. Chandler states that she would "need to track down what contracts we had and where they are located," obtain them from off-site storage facilities where applicable, and review the documents prior to production. (R. Doc. 97-1 at 2). Ms. Chandler further states that "[g]iven the task at hand, it is difficult for me to estimate the total time and cost that would be required to obtain the records." (R. Doc. 97-1 at 2). Finally, Ms. Chandler suggests that EBR obtain the documents pursuant to a public records request from the applicable government agencies. (R. Doc. 97-1 at 2).

AHF's arguments and Ms. Chandler's declaration fall woefully short of demonstrating any undue burden with regard to the production of AHF's Part A contracts from 2012 to the present. AHF admits that it has done absolutely nothing to determine the scope of Part A contracts in its possession, custody, or control, or calculating the costs involved in locating its own contracts and producing them in this litigation. Despite having represented on June 22, 2018 that it would produce its Part A contracts, AHF provided a supplemental discovery response (apparently on the last day to conduct discovery) raising for the first time its specific objection to EBR's Request for Production No. 7 based upon the "requested time period." Finally, AHF assertion that EBR should obtain the documents through a public record request is without merit; the scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, not federal or state laws governing public record requests.

Having considered the arguments of the parties, the Court concludes that the Ryan White Part A documents sought from January 1, 2012 to the present are relevant to the claims and defenses in this action and otherwise fall within the scope of discovery.

### III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 79) is **GRANTED IN PART and DENIED IN PART**.  AHF must supplement its response to EBR's Request for Production No. 7, within **14 days** of the date of this Order, or as otherwise agreed upon by the parties, by producing all contracts between AHF and any grantee for Ryan White Part A for all AHF clinics and pharmacies located in the United States of America from January 1, 2012 to the present.  The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on October 22, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**