UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AIDS HEALTHCARE FOUNDATION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-229-BAJ-RLB** |
| **CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, THROUGH THE CITY OF BATON ROUGE DIVISION OF HUMAN DEVELOPMENT AND SERVICES** | |

## ORDER

Before the Court is Plaintiff's Motion for Extension of Discovery Deadlines. (R. Doc. 72). The motion is opposed. (R. Doc. 77). Plaintiff has filed a Reply. (R. Doc. 88). Defendant has filed a Surreply. (R. Doc. 102).

Also before the Court is Plaintiff's Motion to Compel. (R. Doc. 71). The motion is opposed. (R. Doc. 78). Plaintiff has filed a Reply. (R. Doc. 89). Defendant has filed a Surreply. (R. Doc. 96).

Also before the Court is Defendant's Motion for Protective Order Regarding Defendant's Privilege Log. (R. Doc. 80). The motion is opposed. (R. Doc. 87). Defendant has filed a Reply. (R. Doc. 93).

The Court considers the foregoing motions together because they concern related issues.

**I.  Background**

On April 10, 2017, AIDS Healthcare Foundation, Inc. ("Plaintiff" or "AHF") commenced this action, naming as defendant the City of Baton Rouge/Parish of East Baton Rouge, through the City of Baton Rouge Division of Human Development and Services ("Defendant" or "EBR"). (R. Doc. 1). AHF has twice amended the complaint. (R. Doc. 10; R. Doc. 47)

AHF seeks declaratory relief, injunctive relief, and damages arising from EBR's decision not to renew its federally-funded Ryan White Program Contract (the "Contract") with AHF. (Doc. 10, "Am. Compl." ¶¶ 1, 4). On October 2, 2015, EBR issued a request for proposal (the "RFP") (R. Doc. 10-1), which sought proposals from qualified public or non-profit entities to become a sub-recipient of EBR's Ryan White Program funds to assist in providing core services to persons living with HIV/AIDS. (Am. Compl. ¶¶ 29, 31). AHF and EBR entered into the Contract (R. Doc. 10-2) with an effective date of March 1, 2016. (Am. Compl. ¶ 41). The Contract provided for an initial term of March 1, 2016 to February 28, 2017, and the RFP provided that "[u]p to two additional 12-month renewal awards may be made based upon the availability of funds and acceptable contract performance." (Am. Compl. ¶ 43) (quoting R. Doc. 10-1 at 9).

Under the Contract, AHF, a sub-recipient of EBR's federal funds, provided medical services to uninsured and underinsured people with HIV/AIDS in Baton Rouge, Louisiana. (Am. Compl. ¶ 1). AHF also participates in the 340B Program of the Public Health Services Act, 42 U.S.C. § 256b, which is a separate federal program in which AHF also participates that allows certain healthcare providers to buy drugs at discounted rates. (Am. Compl. ¶¶ 2, 21). In January 2017, EBR scheduled a routine Ryan White Program monitoring review of AHF's operations related to its 2016-17 Contract. (Am. Compl. ¶ 49). Pursuant to Section XXI. "Program Income" of the Contract, EBR requested production of several documents to review, including documents regarding AHF's use of the 340B Program. (Am. Compl. ¶ 50). AHF refused to comply, explaining that it did not believe EBR had the authority to collect and review AHF's 340B documentation. (Am. Compl. ¶ 51).

On April 18, 2017, EBR wrote to AHF to inform it of the non-renewal of the Contract due to its failure to submit documentation requested by Defendant concerning the 340B program.

2

(Am. Compl. ¶ 70). EBR informed AHF that it would be transitioning AHF's patients to other agencies; however, some of AHF's patients indicated that they wished to continue to receive services from AHF. (Am. Compl. ¶ 70-71). AHF continued to provide these services, even though it had to pay for these services with its own funds, and has billed EBR for reimbursement. (Am. Compl. ¶¶ 72-73).

On December 18, 2017, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on June 1, 2018, the deadline to complete expert discovery on September 10, 2018, the deadline to file dispositive motions on November 13, 2018, and trial to commence on May 28, 2019. (R. Doc. 54).

On December 19, 2017, AHF served written discovery requests on EBR. (R. Doc. 71-2; R. Doc. 71-3). EBR provided written responses on February 9, 2018, producing certain electronically stored information ("ESI") on a flash drive in response to Requests for Production Nos. 1-7, 9-10, 13, 15-24. (R. Doc. 71-4). On March 15, 2018, AHF served supplemental written discovery requests on EBR. (R. Doc. 71-5). EBR provided responses on April 27, 2018, producing certain ESI on a flash drive in response to Supplemental Requests for Production Nos. 3-4, 6-7, 10-12. (R. Doc. 71-6). AHF does not argue that the foregoing discovery responses were untimely.

On May 8, 2018, after EBR's Rule 30(b)(6) deposition, AHF requested the production of various specific documents,[1] and sought supplementation of EBR's "e-discovery responses by conducting broader searches to include the Mayor's office and other departments," as AHF's previous productions of ESI were obtained from searches "limited to the Division of Human Development and Services." (R. Doc. 71-7).

---

[1] It is unclear to what extent these documents are subject to specific document requests.

On May 10, 2018, AHF specifically requested that the mailboxes of seven individuals (Paula Merrick Roddy, Shamell Lavigne, Joyce Biagas, Dr. Tamiara Wade, Ph.D., Robert H. Abbott, III, Deelee Morris, and Thomas Hickey)[2] be included in EBR's search for ESI responsive to AHF's discovery requests, and also requested production of a privilege log. (R. Doc. 71-8).

On May 21, 2018, AHF inquired about EBR's supplemental responses, and informed EBR that AHF's Rule 30(b)(6) representative would be available for a deposition on June 19, 2018. (R. Doc. 71-9). That same day, EBR provided some of the additional documents requested by AHF after EBR's Rule 30(b)(6) deposition. (R. Doc. 71-10).

On May 23, 2018, EBR filed an unopposed motion to extend the non-expert discovery deadline in light of scheduling issues pertaining to AHF's Rule 30(b)(6) deposition. (R. Doc. 57). The Court granted the motion and extended the non-expert discovery deadline to June 29, 2018. (R. Doc. 60).

On May 29, 2018, AHF sent a letter seeking additional supplemental productions consistent with the requests on May 8, 2018 and May 10, 2018. (R. Doc. 71-12). In addition to adding Gail Grover as a proposed custodian, AHF requested EBR to search for ESI from "January 1, 2012 to the present" using fifteen specific search terms: "AHF," "AIDS Healthcare," 340B, HRSA, United States Development of Health and Human Services, Ryan White, Part A, AIDS, Pedley, Hickey, Cardarella, Momodu, Myers, Poole, and Weinstein. (R. Doc. 71-12 at 2).

On June 8, 2018, AHF sought an update on the supplemental production of ESI, indicating that all of its document requests were "outstanding." (R. Doc. 71-13 at 1-2). EBR

---

[2] Deelee Morris and Bob Abbott are attorneys employed by EBR.

responded that with respect to AHF's request for ESI, it restated its objection to Request for Production No. 25. (R. Doc. 71-3 at 1).

On June 12, 2018, AHF clarified that it was seeking a supplemental ESI response to AHF's Requests for Production Nos. 1, 3-7, 12-21 and AHF's Supplemental Requests for Production Nos. 1-12, which all relate to EBR's decision not to renew AHF's contract and to decertify AHF from the 340B program. (R. Doc. 71-14). AHF further stated that it was seeking a supplementation of ESI using the "custodians, specific search terms, and date ranges" provided by AHF at EBR's request "to facilitate the process." (R. Doc. 71-14).

On June 13, 2018, EBR stated that AHF's suggested ESI protocol would produce over 100,000 pieces of ESI and would require a time-consuming manual redaction of documents. (R. Doc. 71-15). Given the foregoing, EBR requested AHF to agree to a joint motion to extend the discovery deadlines. (R. Doc. 71-15). The parties then held a discovery conference in which the parties discussed the possibility of narrowing AHF's discovery requests and suggested search terms, and in which EBR disagreed with AHF's request to seek a 180-day extension of the discovery deadline to produce ESI. (R. Doc. 71-16; R. Doc. 71-17). After the conference, EBR asked AHF to narrow its requested ESI protocols. (R. Doc. 71-18).

On June 20, 2018, AHF suggested the following modified ESI protocol: the search term period be limited to October 1, 2015 to the present, that nine search terms be used (AHF, "AIDS Healthcare," Pedley, Hickey, Cardarella, Mamodu, Myers, Poole, and Weinstein), and that the search be conducted with regard to seven custodians (Gail Grover, Paule Merrick Roddy, Shamell Lavigne, Joyce Biagas, Mayor-President Sharon Weston Broome, Dr. Tamiara Wade, Ph.D., and Thomas Hickey). (R. Doc. 71-19 at 1-2). AHF agreed to an extension of time to conduct the searches, so long as the trial date was not interrupted, and further indicated its desire to conduct the depositions of the seven custodians referenced above. (R. Doc. 71-19 at 2).

5

On June 22, 2018, EBR sought a protective order regarding AHF's notices of the foregoing seven depositions. (R. Doc. 66). The Court denied the motion, and stayed the non-expert discovery deadline until the resolution of AHF's motion to extend the deadlines. (R. Doc. 76).

On June 25, 2018, EBR made a supplemental production of ESI for six of the custodians identified by AHF and provided a privilege log. (R. Doc. 71-21).[3]

On June 26, 2018, AHF filed its Motion to Compel (R. Doc. 71). AHF seeks an order requiring EBR to: "1) Produce the May 11, 2017 letter from Shamell Lavigne to the Health Resources and Services Administration ('HRSA') regarding the 340B Program[;] 2) Supplement their written responses to AHF's Discovery Requests and Supplemental Requests to reflect the production of the over 20,000 electronic documents on June 25, 2018; 3) Produce all non-privileged documents responsive to the outstanding discovery requests (RFPs 1, 3-7, 12-21 and Supplemental RFPs 1-12); and 4) Submit a privilege log that complies with the Federal and Local Rules." (R. Doc. 71 at 15). AHF also seeks recovery of its costs incurred in bringing the motion. (R. Doc. 71 at 15).

On June 29, 2018, EBR produced ESI collected from the seventh custodian (Mayor-President Sharon Weston Broome) and provided a supplemental privilege log identifying an additional email as withheld. (R. Doc. 78-19).

That same day, AHF filed its Motion for Extension of Discovery Deadlines (R. Doc. 72). Through this motion, AHF seeks a 30-day extension of the June 29, 2018 discovery deadline to

---

[3] EBR produced the documents on four 16 GB flash drives. (R. Doc. 71-21 at 3). In its motion to compel and motion for extension of discovery deadlines filed on June 26, 2018, AHF stated that the production consists of "20,000 electronic documents for six of the requested custodians." (R. Doc. 71-1 at 9; R. Doc. 72 at 3). In opposition, EBR states that it produced over 53,000 e-mails and that 2,499 emails are withheld as indicated by the privilege log. (R. Doc. 78 at 2; R. Doc. 77 at 2). In subsequent briefing, AHF asserts that EBR produced nearly 68,000 emails. (R. Doc. 89 at 2; R. Doc. 88 at 1).

obtain additional supplemental productions by EBR and to review the produced documents prior to the seven depositions noticed by AHF.

On July 5, 2018, EBR filed its Motion for Protective Order Regarding Defendant's Privilege Log. (R. Doc. 80). Through this motion, EBR seeks a protective order finding its privilege log to be sufficient.

## II. Law and Analysis

### A. Plaintiff's Motion to Compel (R. Doc. 71) and Defendant's Motion for Protective Order (R. Doc. 80)

#### 1. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to

show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to a request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant as to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### 2. The Parties' Efforts Regarding ESI Discovery and Resolving the Instant Disputes Without Court Action

The root cause of the instant discovery disputes is the parties' overall failure to engage in timely, meaningful discussions regarding ESI discovery in this action. Neither party has indicated that they discussed at their Rule 26(f) conference "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced." Fed. R. Civ. P. 26(f)(3)(C); *see also* Advisory Committee Notes to the 2006 Amendments ("Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information during their discovery-planning conference" and noting that the parties "may identify the various sources of such information within a party's control that should be searched for electronically stored information."). The parties submitted three status reports prior to the issuance of the Court's Scheduling Order, and none of these status reports raised any potential issues regarding ESI discovery. (*See* R. Doc. 12; R. Doc. 37; R. Doc. 53).

Furthermore, the record indicates that it was not until May 8, 2018 (less than one month from the deadline to complete discovery as set by the Court's original Scheduling Order) that AHF sought a supplementation of EBR's ESI production "by conducting broader searches to include the Mayor's office and other departments." (R. Doc. 71-7). Two days later, AHF identified various custodians from which it sought ESI, including two of EBR's attorneys. (R. Doc. 71-8). In neither of these communications did AHF identify any specific document requests to which it was seeking supplemental discovery responses. AHF's later modifications to its requests for supplemental ESI productions, which again modified custodians and for the first time introduced proposed search terms (*see* R. Docs. 71-12, R. Doc. 71-19), highlight that the parties did not engage, at the commencement of discovery or a reasonable time thereafter, in a proper discussion of the scope of ESI to be produced in response to specific discovery requests. Finally, contrary to AHF's assertions, the record does not suggest a finding that the parties reached any specific agreement on AHF's proposed ESI protocols.[4]

The breadth of EBR's supplemental ESI production and privilege log are the inevitable consequence of the parties' failure to engage in timely, meaningful discussions regarding ESI discovery. While it did not have a duty to do so absent agreement between the parties, EBR collected and produced ESI from the seven custodians suggested by AHF on June 20, 2018. *See Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No.13-373, 2018 WL 276941, at *4 (M.D. La. Jan. 3, 2018) ("A responding party is generally entitled to select the custodians most likely to possess

---

[4] In support of its motion, AHF represents that on June 20, 2018 its counsel wrote a letter "<u>suggesting</u> ways that the ESI searches being conducted by EBR for documents responsive to AHF's Requests for Production and Supplemental Requests for Production <u>could be</u> more narrowly-tailored." (R. Doc. 71-1 at 8) (emphasis added). EBR notes that these terms were "dictated" by AHF. (R. Doc. 71-18 at 1). Consistent with this representation, the June 20, 2018 letter states that AHF was suggesting certain ESI searches. (R. Doc. 71-19). In its subsequent brief, however, AHF represents that the parties "agreed" upon certain search criteria or parameters, specifically referencing its June 20, 2018 letter as evidence of such an agreement. (R. Doc. 89 at 2-4). AHF does not submit to the court any agreed-upon ESI protocol.

9

responsive information.") (citing *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank*, N.A., No. 15-0293, 2017 WL 2305398, at * 2 (S.D.N.Y. May 18, 2017)).  The parties did not, however, discuss ESI search and retrieval methodologies, including whether and to what extent Boolean proximity operators should be used, and strategies for reducing the amount of duplicative, non-responsive, and/or privileged information obtained by the ESI search. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 260 (D. Md. 2008) ("While keyword searches have long been recognized as appropriate and helpful for ESI search and retrieval, there are well-known limitations and risks associated with them, and proper selection and implementation obviously involves technical, if not scientific knowledge.").  In short, the parties did not engage in best practices regarding ESI discovery, which inevitably resulted in the filing of the instant motions.[5]

Compounding the foregoing failures of the parties regarding ESI protocols, AHF did not meet and confer, as required by the Federal Rules and this Court's Scheduling Order, prior to the filing of its motion to compel.

Rule 37(a)(1) of the Federal Rules of Civil Procedure, which provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257,

---

[5] District courts within the Fifth Circuit have acknowledged that the "Sedona Principles and related Sedona commentaries are the leading authorities on electronic document retrieval and production." *Firefighters' Ret. Sys*, 2018 WL 276941, at *4 n. 37 (*Matrix Partners VIII, LLP v. Nat. Res. Recovery, Inc.*, No. 08-547, 2009 WL 10677430, at *4 n.3 (E.D. Tex. June 5, 2009); *see generally* The Sedona Conference, *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production A Project of the Sedona Conference Working Group on Electronic Document Retention and Production*, 19 Sedona Conf. J. 1 (2018).

2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). In addition, the Court's Scheduling Order states that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 54 at 1).

The Rule 37(a)(1) certificate submitted by AHF's counsel certifies that he "conferred in good faith with opposing counsel in an effort to obtain the requested relief in this motion without court action," specifically noting that counsel "spoke on June 14, 2018 regarding the outstanding discovery requests, and on June 22, 2018 regarding the notices of deposition." (R. Doc. 71 at 16). EBR argues that AHF's motion to compel should be denied because AHF did not hold a Rule 37(a)(1) conference regarding the scope of the actual ESI production and privilege log provided on June 25, 2018 prior to filing its motion the next day. (R. Doc. 78 at 2). In reply, AHF argues that it complied with the requirements of Rule 37(a)(1) in light of the June 14 and June 22 conferences, and, at any rate, the parties conferred on July 3, 2018 (one week after the filing of the motion to compel) regarding EBR's privilege log. (R. Doc. 89 at 1-2).[6]

---

[6] In support of its motion for protective order, EBR submits a "Rule 37 Certification" indicating that counsel for the parties held a 12-minute telephone conference on July 3, 2018, in which they discussed the sufficiency of EBR's privilege log. (R. Doc. 80 at 4). Similar to the duty to file a Rule 37(a)(1) certificate with a motion to compel, a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). There is no dispute that EBR has satisfied this requirement with respect to its motion for protective order. As discussed below, however, the scope of EBR's privilege log could have been reduced with proper discussions between the parties regarding ESI protocols.

The record indicates that AHF did not in good faith attempt to confer or confer with EBR after its receipt of its ESI production and privilege log on June 25, 2018. The parties' discovery conferences held on June 14 and June 22 could not have possibly addressed AHF's complaints regarding the scope of the actual ESI production and the insufficiencies of the privilege log. Given that the ESI and privilege log were provided just four days prior to the close of non-expert discovery on June 29, 2018, AHF had until July 6, 2018 to file its motion to compel. *See* LR 26(d)(1) (allowing discovery motions to be filed "within seven days after the discovery deadline" where such motions "pertain to conduct occurring during the final seven days of discovery."). AHF had sufficient time to schedule a discovery conference regarding the actual ESI production and privilege log, and should have done so. That the parties discussed issues raised in the motion to compel after its filing does not relieve AHF's counsel of the duty to attempt to resolve a discovery dispute without court intervention, which must obviously occur prior to the filing of a motion seeking court intervention.

While AHF did not hold a proper discovery conference related to the ESI production and privilege log, the parties nevertheless engaged in certain discussions (and held at least two discovery conferences) regarding the scope of EBR's supplemental ESI production. Given the record, and the deadlines in this action, the Court will consider whether any aspect of AHF's motion has merit, and will consider AHF's failure to meet and confer prior to filing the motion for the purposes of awarding potential costs and fees associated with the filing of the motion.

### 3. The May 11, 2017 Letter from Shamell Lavigne

AHF seeks an order requiring EBR to produce a letter from Shamell Lavigne to the HRSA regarding the 340B Program, which AHF requested from EBR on May 8, 2018. (R. Doc. 71-7).

12

AHF provides no explanation as to which Rule 34 document request this letter is responsive. (R. Doc. 71). At any rate, EBR represents it produced the letter after the filing of AHF's motion. (R. Doc. 78 at 7). AHF concedes that this issue is moot. (R. Doc. 89 at 2 n.3). For the foregoing reasons, the Court will deny AHF's motion to compel with regard to this document.

### 4. EBR's Supplemental Written Response

AHF seeks an order requiring EBR to supplement its written discovery responses in light of the June 25, 2018 production of ESI. AHF asserts that this request is now moot because Defendant provided supplemental written responses on June 28, 2018. (R. Doc. 89 at 2 n.3). Accordingly, the Court will deny AHF's motion to compel with regard to EBR's supplemental written responses.

### 5. EBR's Supplemental ESI Production

AHF seeks production of "all non-privileged documents responsive to the outstanding discovery requests (RFPs 1, 3-7, 12-21 and Supplemental RFPs 1-12)." (R. Doc. 71 at 15). AHF makes no attempt to address the specific objections raised by EBR with regard to each of these discovery requests. AHF has also not certified that the parties held any discovery conference regarding these individual requests, or EBR's specific responses and objections to these requests. Accordingly, the Court will deny AHF's motion to compel to the extent it seeks any order overruling any specific objections to these requests timely made by EBR. Furthermore, to the extent that AHF is now seeking an order requiring EBR to "go back to square one" and produce ESI responsive to the foregoing discovery requests without regard to Defendant's proposed ESI search protocols, the Court finds that such a requirement would be unduly burdensome to EBR, and duplicative of EBR's efforts to supplement its ESI production. *See* Fed. R. Civ. P.

26(b)(2)(C); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 WL 276941, at *5 (M.D. La. Jan. 3, 2018).

The record indicates that AHF proffered at least four variations of its proposed ESI protocols. This ESI protocol was first suggested by AHF on May 8, 2018 (R. Doc. 71-7), expanded by AHF on May 10, 2018 (R. Doc. 71-8), further expanded by AHF on May 29, 2018 (R. Doc. 71-12), and then narrowed by AHF on June 20, 2018 (R. Doc. 71-19). On June 25, 2018, EBR provided a supplemental ESI production for six of the custodians identified by AHF, as well as a privilege log identifying withheld e-mails. (R. Doc. 71-21). It appears that EBR represents that it obtained the ESI produced pursuant to the ESI protocol suggested by AHF on May 29, 2018. (R. Doc. 78 at 2; *see* R. Doc. 71-18 at 2). On June 29, 2018, EBR provided a supplemental ESI production for the seventh custodian (Mayor-President Sharon Weston Broome) and produced a supplemental privilege log identifying an additional withheld email. (R. Doc. 78-19). EBR states that to obtain these documents it used the ESI protocol provided by AHF on May 29, 2018 and June 20, 2018. (R. Doc. 78 at 7).

Given the foregoing, AHF has not met its burden of establishing that EBR's searches were inadequate. *See Enslin v. Coca-Cola Co.*, No. 14-06476, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016) ("[T]he burden appropriately lies with the requesting party to show that the responding party's search was inadequate."). While AHF complains that EBR's searches resulted in the collection of non-responsive documents, it has not adequately explained how EBR's searches are inadequate. AHF's failure to explain these inadequacies, and how such perceived inadequacies could be resolved, only further highlights the importance of holding a proper discovery conference to address the subject matter of a motion to compel prior to the filing of a motion to compel. Given the foregoing, the Court will not require EBR to supplement its responses to AHF's discovery requests any further.

### 6. EBR's Privilege Log

The Court will, however, grant AHF's motion to compel to the extent it seeks an order requiring EBR to produce a supplemental privilege log in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Rule 26(c).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim. *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982) (citing *United States v. Davis*, 636 F.2d 1028, 1044 n. 20 (5th Cir. 1981)). In addition, this Court's Local Rule 26(c) provides the following: "A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible things; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege." LR 26(c); *see also Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363, 2009 WL 2487984, at *2 (M.D. La. Aug. 11, 2009) ("[A] privilege log . . . should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is privileged or immune from discovery.") (quoting *Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008)).

EBR's 54-page privilege log, which identifies approximately 2,500 withheld emails, is organized alphabetically by the recipients of the withheld e-mails, and indicates the senders of the e-mails, the subject-lines for the e-mails, the date of the e-mails, and the size of the e-mails. (R. Doc. 78-1). Some of the names of the recipients and senders, however, appear to be cut-off of the privilege log as indicated by ellipses. For various entries, EBR has redacted the e-mail subject-lines, or portions of those subject-lines. The privilege log contains handwritten designations of "A" or "B" next to various entries, but it is not clear what these letters are meant to represent. Some redacted subject lines contain the words "attorney client" or "post litigation" next to the redactions. Other redacted subject lines do not have any annotations. It is also unclear whether any attachments to the e-mails on the privilege log have been withheld as privileged.

Given the foregoing, the Court concludes that EBR's privilege log does not meet the requirements set forth in Rule 26(b)(5)(A) and Local Rule 26(c). EBR must provide a supplemental privilege log identifying the full names of all individuals who sent and received the e-mails identified on the privilege log. In addition, EBR must, at the very least, identify whether the individuals named on the privilege log are employed by EBR and whether the individuals are attorneys. EBR must also provide a brief description of the subject matter of each withheld e-mail sufficient enough for AHF to access the claim of privilege. The actual subject line of an e-mail may provide this information in certain circumstances. EBR must also specifically identify the basis on which the e-mail has been withheld from production. Finally, EBR must clarify whether any attachments have been withheld from production and, to the extent such attachments have been withheld, the subject matter of the attachment and the basis for withholding the attachment.

16

EBR argues that it should be exempt from the foregoing requirements largely in light of the volume of withheld documents on the privilege log and its status as a governmental entity. The Court disagrees. The number of e-mails that appear on EBR's privilege log results from the parties' failure to properly address the needs of ESI discovery in this action, including the use of strategies to reduce the number of potentially privileged documents that are collected in the search of ESI materials. EBR did not seek to avoid costs regarding its review of privileged materials by entering into a claw-back agreement regarding privileged documents or otherwise seek a court order consistent with Rule 502 of the Federal Rules of Civil Procedure. *See Zubulake v. UBS Warburg LLC,* 216 F.R.D. 280, 290 (S.D.N.Y.2003) (noting that parties may enter into "so-called 'claw-back' agreements that allow the parties to forego privilege review altogether in favor of an agreement to return inadvertently produced privilege documents"). Under the circumstances, the Court finds no basis for issuing a protective order precluding EBR from having to produce a privilege log as discussed above.

### B. AHF's Motion for Extension of Discovery Deadlines. (R. Doc. 72)

At the time AHF files its motion for extension of the discovery deadline, it had noticed seven depositions to take place on June 29, 2018. AHF sought a 30-day extension of the discovery deadline for the purposes of obtaining the additional discovery sought in its motion to compel and to allow additional time to file any discovery-related motions. In its reply brief, AHF suggested that it needed the additional time to review EBR's supplemental ESI productions. (R. Doc. 88 at 3).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v.*

*Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

As discussed above, in denying EBR's motion for protective order, the Court stayed the non-expert discovery deadline. (R. Doc. 76). AHF has been in possession of EBR's ESI production for over three months and has had ample opportunity to review those documents prior to the noticed depositions. Accordingly, the Court will extend the non-expert deadline for the sole purpose of providing AHF the time to schedule and take the seven depositions it has noticed, and will correspondingly extend the deadline to file dispositive motions and Daubert motions. Non-expert discovery is otherwise closed.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 71) is **GRANTED IN PART and DENIED IN PART**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order Regarding Defendant's Privilege Log (R. Doc. 80) is **DENIED**. EBR shall produce a supplemental privilege log consistent with this Order within **14 days** of the date of this Order. AHF must file any motion regarding ESI withheld on the privilege log, if any, within **14 days** of receipt of the supplemental privilege log. A Rule 37 conference must be held prior to the filing of any such motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Discovery Deadlines (R. Doc. 72) is **GRANTED IN PART and DENIED IN PART**. The non-expert discovery deadline is extended to **November 30, 2018** for the sole purpose of scheduling and taking the depositions of Gail Grover, Paule Merrick Roddy, Shamell Lavigne, Joyce Biagas, Mayor-President Sharon Weston Broome, Dr. Tamiara Wade, Ph.D., and Thomas Hickey. The depositions may be scheduled to take place after that date by agreement of the parties. The deadline to file dispositive motions and Daubert motions is extended to **December 14, 2018**. All other deadlines remain unchanged.

Signed in Baton Rouge, Louisiana, on October 22, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**