UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, INC. | CIVIL ACTION |
| VERSUS | |
| | NO. 17-229-BAJ-RLB |
| CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, THROUGH THE CITY OF BATON ROUGE DIVISION OF HUMAN DEVELOPMENT AND SERVICES | |

**ORDER**

Before the Court is Plaintiff's Motion to Compel. (R. Doc. 107). The motion is opposed. (R. Doc. 116).

**I.  Background**

This discovery dispute concerns this Court's Order dated October 22, 2018 (R. Doc. 105), which required, in relevant part, the City of Baton Rouge/Parish of East Baton Rouge, through the City of Baton Rouge Division of Human Development and Services ("Defendant" or "EBR") to provide to AIDS Healthcare Foundation, Inc. ("Plaintiff" or "AHF") a supplemental privilege log in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Rule 26(c).

The Order provides a detailed history of the parties' discovery efforts, including the exchange of electronically stored information ("ESI"). In concluding that EBR's initial privilege log was insufficient, the Order provides the following:

> EBR's 54-page privilege log, which identifies approximately 2,500 withheld emails, is organized alphabetically by the recipients of the withheld e-mails, and indicates the senders of the e-mails, the subject-lines for the e-mails, the date of the e-mails, and the size of the e-mails. (R. Doc. 78-1). Some of the names of the recipients and senders, however, appear to be cut-off of the privilege log as indicated by ellipses. For various entries, EBR has redacted the e-mail subject-lines, or portions of those subject-lines. The privilege log contains

handwritten designations of "A" or "B" next to various entries, but it is not clear what these letters are meant to represent. Some redacted subject lines contain the words "attorney client" or "post litigation" next to the redactions. Other redacted subject lines do not have any annotations. It is also unclear whether any attachments to the e-mails on the privilege log have been withheld as privileged.

Given the foregoing, the Court concludes that EBR's privilege log does not meet the requirements set forth in Rule 26(b)(5)(A) and Local Rule 26(c). EBR must provide a supplemental privilege log identifying the full names of all individuals who sent and received the e-mails identified on the privilege log. In addition, EBR must, at the very least, identify whether the individuals named on the privilege log are employed by EBR and whether the individuals are attorneys. EBR must also provide a brief description of the subject matter of each withheld e-mail sufficient enough for AHF to access the claim of privilege. The actual subject line of an e-mail may provide this information in certain circumstances. EBR must also specifically identify the basis on which the e-mail has been withheld from production. Finally, EBR must clarify whether any attachments have been withheld from production and, to the extent such attachments have been withheld, the subject matter of the attachment and the basis for withholding the attachment.

EBR argues that it should be exempt from the foregoing requirements largely in light of the volume of withheld documents on the privilege log and its status as a governmental entity. The Court disagrees. The number of e-mails that appear on EBR's privilege log results from the parties' failure to properly address the needs of ESI discovery in this action, including the use of strategies to reduce the number of potentially privileged documents that are collected in the search of ESI materials. EBR did not seek to avoid costs regarding its review of privileged materials by entering into a claw-back agreement regarding privileged documents or otherwise seek a court order consistent with Rule 502 of the Federal Rules of Civil Procedure. *See Zubulake v. UBS Warburg LLC,* 216 F.R.D. 280, 290 (S.D.N.Y.2003) (noting that parties may enter into "so-called 'claw-back' agreements that allow the parties to forego privilege review altogether in favor of an agreement to return inadvertently produced privilege documents"). Under the circumstances, the Court finds no basis for issuing a protective order precluding EBR from having to produce a privilege log as discussed above.

(R. Doc. 105 at 15-16).

On November 5, 2018, EBR produced a supplemental privilege log, which asserts the deliberative process privilege for the first time. (R. Doc. 107-2).

On November 7, 2018, Plaintiff's counsel then wrote a deficiency letter claiming that the supplemental privilege log did not comply with the October 22, 2018 Order and remained

insufficient for AHF to assess the claims of privilege. (R. Doc. 107-3). The letter specifically sought production of specific withheld emails that did not involve attorneys or that involved third parties. (R. Doc. 107-3 at 1-2). In response, EBR produced certain emails that did not involve attorneys, but refused to "summarize the contents pf privilege attorney-client communications beyond the subject lines" of the emails remaining on the privilege log. (R. Doc. 107-4 at 1-2).

On November 9, 2018, EBR produced a second supplemental privilege log that included certain additional subject-matter descriptions of withheld emails and a statement that all emails withheld on the basis of attorney-client privilege involve privileged communications. (R. Doc. 107-5; R. Doc. 107-6). That same day, Plaintiff's counsel wrote another deficiency letter claiming that the second supplemental privilege log was also insufficient, claiming that EBR's assertion of privilege in the second supplemental privilege log is conclusory. (R. Doc. 107-7).

On November 13, 2018, counsel for the parties held a discovery conference. (R. Doc. 107-8). Defense counsel represents that at the conference EBR requested AHF to identify of the specific emails for which it was seeking additional information "beyond the subject line and brief descriptions already included." (R. Doc. 107-8 at 1). Defense counsel further represents that Plaintiff's counsel stated that AHF "was not satisfied with the subject lines and/or descriptions of any of the emails, and refused to identify any specific emails for which [AHF] was seeking additional information." (R. Doc. 107-8 at 1). Defense counsel requested "the opportunity to limit the emails on its privilege log to contain only those privileged items which relate to the decision not to renew AHF's contract and to decertify AHF from the 340B Program," which consists of information responsive to AHF's Requests for Production Nos. 1, 3-7, 12-21 and AHF's Supplemental Requests for Production Nos. 1-12. (R. Doc. 107-8 at 1).

On November 14, 2018, Plaintiff's counsel responded by stating AHF would file a motion if EBR did not provide a "full and complete privilege log with all 2,500 entries containing a 'brief description of the subject matter of each withheld email sufficient enough for AHF to assess the claim of privilege' by 10 a.m. Monday, November 19." (R. Doc. 107-9).

AHF filed the instant motion on November 19, 2018. (R. Doc. 107). AHF again argues that "EBR has failed to provide sufficient information about the emails it has withheld from production to enable AHF or the Court to evaluate whether they are privileged." (R. Doc. 107-1 at 8). AHF seeks an order requiring EBR to produce a supplemental privilege log that will allow AHF to evaluate whether the documents on the privilege log are indeed protected, and to allow AHF to reopen certain depositions. (R. Doc. 107-1 at 10).

In opposition, EBR generally asserts that its second supplemental privilege log complies with the October 22, 2018 Order, as well as the Federal Rules of Civil Procedure and Local Rules. (R. Doc. 116 at 3, 7-9). EBR further argues that AHF did not confer in good faith as it refused to identify any specific privilege log entries that were deficient and otherwise failed to comply with a previous order of the Court requiring certain detailed information to be included in the Rule 37 certificate. (R. Doc. 116 at 5-6). Finally, EBR also asserts that only approximately 200 of the documents identified on its privilege logs are actually relevant to the claims and defenses in this action, blaming AHF's "catch all trawl net" for the inclusion of thousands of irrelevant emails on its own privilege log. (R. Doc. 116 at 9-11).

## II.     Law and Analysis

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). On June 22, 2018, the Court ordered the parties to include the following information in a certification filed in support of a formal discovery motion:

> Any certification submitted to the Court must set forth (1) when such conference took place, (2) who participated in the conference, (3) how it was conducted (by phone or in person), (4) what topics were specifically addressed, (5) what topics, if any, were resolved, and (6) how long the conference lasted (in minutes).

(R. Doc. 67 at 1-2).

Plaintiff's counsel certifies that he "conferred in good faith with opposing counsel in an effort to obtain the relief requested in this motion without court action," that he "spoke on November 13, 2018 regarding the deficiencies in the privilege log," and that counsel for the parties "were unable to resolve these disputes, thereby necessitating the filing of this motion." (R. Doc. 107 at 2). AHF's certificate does not comply with the June 22, 2018 Order. Moreover, the Court finds that Plaintiff's counsel did not confer in good faith as required by Rule 37(a)(1).

The record indicates that Plaintiff's counsel refused to identify any specific privilege log entries that AHF was challenging as insufficient. (*See* R. Doc. 107-9). Plaintiff's counsel further stated that it was his position that none of the subject lines for the withheld emails on the privilege log were sufficient for AHF to determine whether privilege was properly asserted. (R. Doc. 116 at 5-6). A review of the privilege log indicates that various entries involve communications with counsel with subject lines such as "Fwd: Joint Defense Agreement for

5

AHF lawsuit," "AHF Initial Disclosures," or "RE: AHF litigation" that post-date the commencement of this litigation. That AHF is asserting that more information regarding the subject matter of these emails is required to assess whether the emails are privileged underscores that AHF has not approached this discovery dispute in good faith.

Furthermore, EBR represents that "fewer than 200 emails [on the over 2,300 entries on EBR's privilege log] have any colorable relation to the non-renewal of AHF's contract and AHF's decertification from the 340B Program." (R. Doc. 116 at 9). Had Plaintiff's counsel conferred in good faith, the parties could have easily narrowed the scope of the issues raised in the instant motion, and may have resolved those issues without court intervention. Instead, AHF filed a motion seeking a revised privilege log without respect to whether the actual documents on the privilege log are relevant to the claims and defenses in this litigation. Prior to the filing of the instant motion, AHF had the opportunity to narrow the parties' discussion regarding the privilege log to withheld emails relevant to this action. It did not do so. Because AHF failed to meet the requirements of the Court's June 22, 2018 Order and Rule 37(a)(1), the motion will be denied.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 107) is **DENIED**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on April 9, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**